# Nicole Gow

## v.

# Nusenda Services LLC, et al.

## CASE DETAIL

| CASE # | CURRENT JUDGE | FILING DATE | COURT |
|---|---|---|---|
| D-202-CV-201806175 | Huling, Valerie | 08/21/2018 | ALBUQUERQUE  District |

## PARTIES TO THIS CASE

| PARTY TYPE | PARTY DESCRIPTION | 1 | PARTY # | PARTY NAME |
|---|---|---|---|---|
| D | Defendant | 1 | | NUSENDA SERVICES LLC |
| D | Defendant | 2 | | SANDOVAL JUDY |
| P | Plaintiff | 1 | | GOW NICOLE |

ATTORNEY: WARD VINCENT J.

## CIVIL COMPLAINT DETAIL

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 08/21/2018 | 1 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Other Damages |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

| COMPLAINT DATE | COMPLAINT SEQ # | COMPLAINT DESCRIPTION | DISP | DISP DATE |
|---|---|---|---|---|
| 08/21/2018 | 2 | OPN: COMPLAINT | | |

| COA SEQ # | COA DESCRIPTION |
|---|---|
| 1 | Breach of Contract |

| PARTY NAME | PARTY TYPE | PARTY # |
|---|---|---|

## REGISTER OF ACTIONS ACTIVITY

| EVENT DATE | EVENT DESCRIPTION | EVENT RESULT | PARTY TYPE | PARTY # | AMOUNT |
|---|---|---|---|---|---|
| 10/03/2018 | | | | | |
| 08/21/2018 | JDG: NOTICE OF JUDGE ASSIGNMENT | | | | |
| 08/21/2018 | JDG: JUDGE EXCUSAL/PEREMPTORY CHALLENGE | | P | 1 | |
| 08/21/2018 | JURY DEMAND 6 PERSON | | | | |
| 08/21/2018 | ARB: CERT NOT SUBJECT | | | | |
| 08/21/2018 | OPN: COMPLAINT | | | | |

## JUDGE ASSIGNMENT HISTORY

| ASSIGNMENT DATE | JUDGE NAME | SEQ # | ASSIGNMENT EVENT DESCRIPTION |
|---|---|---|---|
| 08/21/2018 | Butkus, Carl J. | 1 | INITIAL ASSIGNMENT |
| 08/21/2018 | Huling, Valerie | 2 | Judge Peremptory Excusal |

Exhibit A

**FREEDMAN BOYD HOLLANDER**
**GOLDBERG URIAS & WARD P.A.**

20 FIRST PLAZA, SUITE 700
ALBUQUERQUE, NM 87102
505.842.9960

ALYSHA C. SMITH, PARALEGAL
ACS@FBDLAW.COM

October 3, 2018

**Via Certified Mail Return Receipt Requested**
**7018 0040 0000 5414 5364**

Nusenda Services, LLC d/b/a
Nusenda Credit Union
c/o Michael Buehler
4100 Pan American Freeway NE
Albuquerque, NM 87107

Re:     Nicole Gow v. Nusenda, et al.; Cause No. D-202-CV-2018-6175

Dear Mr. Buehler,

Enclosed please find a Summons and Complaint in the above referenced matter.

Sincerely,

Alysha C. Smith
Paralegal to
Frank T. Davis

Enclosure

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**NICOLE GOW,**

      **Plaintiff,**

**v.**                          **No.** ___D-202-CV-2018-06175___

**NUSENDA SERVICES, LLC, d/b/a**
**NUSENDA CREDIT UNION, a domestic limited**
**liability corporation, and**
**JUDY SANDOVAL,**

      **Defendants.**

## COMPLAINT FOR DAMAGES

Plaintiff Nicole Gow, by and through her undersigned counsel, brings this complaint for violation of the New Mexico Human Rights Act, NMSA 1978, Sections 28-1-1 to 28-114 ("NMHRA"), breach of implied contract, negligence, negligent hiring, supervision, retention, and training, wrongful discharge, prima facie tort, and punitive damages against her former employer Nusenda Credit Union ("Nusenda").

1.      After Ms. Gow requested leave pursuant to the FMLA, Nusenda interfered with Ms. Gow's ability to avail herself of FMLA leave.

2.      As a direct and proximate result of having requested FMLA, Ms. Gow was discriminated against, subjected to disparate treatment, and eventually her employment was terminated – all in violation of the law of New Mexico. In support of her complaint, Ms. Gow states as follows:

### NATURE OF CLAIMS

3.      This is an action brought pursuant to the law of the State of New Mexico to correct

Exhibit C

and remedy unlawful employment practices by Nusenda and to make whole and compensate the Plaintiff, Nicole Gow.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the claims asserted here pursuant to the NMHRA, NMSA 1978, Sections 28-1-1 to 28-114.

5.     Ms. Gow filed a charge with the New Mexico Human Rights Bureau on October 11, 2017.

6.     The unlawful employment practices complained of in this complaint occurred, and the employment records relevant to this matter are maintained and administered, within Valencia County and Bernalillo County, New Mexico.

7.     Venue is proper within this Judicial District, pursuant to NMSA 1978, Section 38-3-1(A) because Defendant Nusenda resides and may be found in this Judicial District.

8.     With respect to her statutory claims, Ms. Gow has exhausted her administrative remedies.

## PARTIES

9.     Ms. Gow is a resident of the State of New Mexico.

10.     Ms. Gow is an "employee" within the meaning of the NMHRA.

11.     Nusenda is authorized and doing business in this Judicial District.

12.     At all relevant times, Nusenda was an "employer" of Ms. Gow within the meaning of the NMHRA.

## FACTUAL ALLEGATIONS

13.     On or about April 6, 2015, Ms. Gow was hired by Nusenda as a Member Service Representative.

Exhibit C

14.     As a Member Service Representative, Ms. Gow worked in a call center and ensured customer satisfaction on a variety of transactions and worked to educate customers about Nusenda's products and resolve issues that customers had with Nusenda's products.

15.     During her tenure as a Member Services Representative, Ms. Gow Plaintiff always received exemplary and positive performance reviews.

16.     During her tenure as a Member Services Representative, Ms. Gow never disciplined.

17.     During her tenure as a Member Services Representative, Ms. Gow was an employee in good standing.

18.     In June of 2016, Ms. Gow was promoted to a Financial Consultant position at Nusenda.

19.     Ms. Gow was selected over candidates for the Financial Consultant position at Nusenda.

20.     Ms. Gow was qualified to fill the position of Financial Consultant at Nusenda and would not have been selected for the position but for her qualifications and employment record.

21.     As a Financial Consultant at Nusenda, Ms. Gow developed relationships with customers and performed functions as a teller and provided other services for customers in the platform area of the branch at which she worked.

22.     Ms. Gow performed to an acceptable level as a Financial Consultant for Nusenda.

23.     Indeed, during her tenure as a Financial Consultant for Nusenda, Ms. Gow always received exemplary and positive performance reviews.

24.     During her tenure as a Financial Consultant for Nusenda, Ms. Gow never disciplined.

Exhibit C

25.     During her tenure as a Financial Consultant for Nusenda, Ms. Gow was an employee in good standing.

26.     In at least one performance review as a Financial Consultant, Ms. Gow was commended for being a "team player".

27.     Ms. Gow's performance reviews as a Financial Consultant describes her as having a "positive attitude" and supporting other branches on "short notice."

28.     Ms. Gow's performance reviews as a Financial Consultant state that she showed "initiative" and was organized.

29.     Notwithstanding her exceptional work performance, Ms. Gow has battled a serious medical condition for years: lupus.

30.     Eventually, Ms. Gow's battle with lupus would require Ms. Gow to miss short periods of work (2-4 days per month) for treatment and rest.

31.     Thus, Ms. Gow requested Family Medical Leave Act ("FMLA") leave from Nusenda.

32.     Ms. Gow submitted all of the necessary paperwork to substantiate her request for FMLA leave, and Ms. Gow's request for FMLA leave to treat her condition was approved on June 25, 2017.

33.     Almost immediately after Ms. Gow requested FMLA leave, Ms. Gow's supervisor at Nusenda, Judy Sandoval, began retaliating against Ms. Gow and interfering with Ms. Gow's ability to use her FMLA leave.

34.     Defendant, Judy Sandoval, began attempting to discipline Plaintiff after Plaintiff requested FMLA leave.

35.     For example, Ms. Gow was subjected to an unfair reading of Nusenda's dress code

4

Exhibit C

– a reading of the dress code which Ms. Sandoval expressly told Ms. Gow was not applied to other employees.

36.     In one particular instance, Ms. Gow was accused in being in violation of Nusenda's dress code but provided pictures to human resources that showed Ms. Gow was actually in compliance with the dress code.

37.     Ms. Sandoval also became rude and confrontational with Ms. Gow, began asking inappropriate questions about Ms. Gow's FMLA leave and medical condition, and on one occasion even attempted to write Ms. Gow up for availing herself of FMLA leave.

38.     The retaliation against Ms. Gow for requesting and taking FMLA leave took place between June 25, 2017 and August 8, 2017.

39.     After being retaliated against for requesting leave to treat her medical condition, Ms. Gow complained to Nusenda's human resources department on August 1, 2017.

40.     Ms. Gow's complaint prompted a meeting with Ms. Gow, a human resources representative, and one of Ms. Gow's supervisors (not Ms. Sandoval).

41.     The meeting was held on August 2, 2017.

42.     During the meeting, Ms. Gow explained how she was being treated unfairly by Ms. Sandoval ever since she requested FMLA leave for her medical condition.

43.     Nusenda did not respond to Ms. Gow's complaint or provide any information as to what it intended to do to remedy Ms. Gow's complaint.

44.     Within one week of that meeting, and within 45 days of Ms. Gow's first having requested leave to treat her medical condition, Ms. Gow's employment with Nusenda was terminated.

**COUNT I**
**VIOLATIONS OF THE NMHRA: NUSENDA**

Exhibit C

45. Ms. Gow incorporates by reference all of the foregoing allegations as though fully set forth herein.

46. Defendants engaged in discrimination against Ms. Gow based on a serious medical condition and her request and use of FMLA leave and violated her right to be free from discrimination in the workplace under the NMHRA.

47. Defendants' discipline and termination of Ms. Gow's employment was in full or in part, based on Ms. Gow's serious medical condition and in retaliation for her request and use of FMLA leave.

48. As a direct and proximate result of Defendants' discriminatory practices Ms. Gow has suffered damages including, but not limited to emotional distress and lost wages.

## COUNT II
## BREACH OF IMPLIED CONTRACT: NUSENDA

49. Ms. Gow incorporates by reference all of the foregoing allegations as though fully set forth herein.

50. Upon information and belief, Defendant Nusenda had discrimination policies in place to protect its employees from certain conduct in the workplace.

51. Defendant Nusenda had a duty to honor its promises and policies and maintain a safe work place free of discrimination.

52. In addition, Defendant Nusenda had in place written or verbal policies and procedures related to discipline in the workplace.

53. Defendant Nusenda breached duties owed to Ms. Gow by allowing her to be discriminated against and terminated in violation of Defendant's policies and procedures.

54. Defendant Nusenda ratified the discrimination engaged in against Ms. Gow by not investigating and/or disciplining the appropriate personnel.

Exhibit C

55. As the proximate cause of Defendant Nusenda's multiple breaches of duties owed, Ms. Gow has suffered damages in an amount to be proven at trial.

**COUNT III**
**NEGLIGENCE: ALL DEFENDANTS**

56. Ms. Gow incorporates by reference all of the foregoing allegations as though fully set forth herein.

57. Defendants had a duty to maintain a safe and professional work environment for employees by hiring and supervising employees appropriately.

58. Defendants breached this duty by engaging in, permitting, endorsing, and ratifying discriminatory behavior.

59. Defendants' negligent behavior created a pervasive and toxic work environment that caused Ms. Gow to suffer damages in an amount to be proven at trial.

**COUNT IV**
**NEGLIGENT HIRING, SUPERVISION, RETENTION, AND TRAINING:**
**NUSENDA**

60. Ms. Gow incorporates by reference all of the foregoing allegations as though fully set forth herein.

61. Defendant Nusenda was the employer of Judy Sandoval at the time the facts in this complaint took place.

62. Defendant Nusenda should not have promoted or retained Defendant Judy Sandoval in a managerial position.

63. If Defendant Nusenda was going to hire Defendant Judy Sandoval, it should have adequately trained her as to how to behave in the workplace.

64. Defendant Judy Sandoval's conduct was completely inappropriate especially in her

Exhibit C

capacity as Ms. Gow's supervisor.

65.     Defendant Nusenda knew or should have known the inadequate training of Defendant Judy Sandoval would create an unreasonable risk of injury to employees like Ms. Gow.

66.     Defendant Nusenda failed to use ordinary care in hiring, retaining, supervising, and training Defendant Judy Sandoval.

67.     Defendant Nusenda failed to use ordinary care in the training of Defendant Judy Sandoval on Defendants own policies concerning discrimination.

68.     Defendant Nusenda's negligence in hiring, retaining, supervising, and training was a cause of Ms. Gow's damages.

**COUNT V**
**WRONGFUL DISCHARGE: NUSENDA**

69.     The NMHRA and FMLA express policies that prohibit an employer from retaliating against an employee for availing themselves of rights granted to them under those respect acts.

70.     Defendant Nusenda, through its managers and officials, retaliated against Ms. Gow based on lawful complaints of discrimination, a serious medical condition, and Ms. Gow's request for and use of FMLA leave.

71.     Defendant Nusenda through its managers and officials, retaliated against Ms. Gow through its adverse employment action in violation of the NMHRA and FMLA.

72.     Defendant Nusenda retaliated against Plaintiff in the form of discipline and other terms and conditions of employment.

73.     Defendant's retaliatory treatment of Ms. Gow has caused Ms. Gow to suffer damages including lost past and future wages, lost benefits, loss of opportunity, and emotional distress.

Exhibit C

74.     Ms. Gow is entitled to attorney fees and costs.


## COUNT VI
## PRIMA FACIE TORT: ALL DEFENDANTS

75.     Ms. Gow incorporates by reference all of the foregoing allegations as though fully set forth herein.

76.     In the alternative, should this Court find Defendants' treatment and termination of Ms. Gow was lawful (which Ms. Gow denies), Defendants' conduct constitutes an intentional unlawful act.

77.     Defendants' treatment and termination of Ms. Gow was done with intent to injure Ms. Gow.

78.     Ms. Gow was injured by Defendants' intentional lawful acts.

79.     Defendants had no justification for their injurious acts against Ms. Gow.

80.     Ms. Gow has suffered damages as a result of Defendants' intentional injurious acts in an amount to be proven at trial.

## COUNT VII
## PUNITIVE DAMAGES: ALL DEFENDANTS

81.     Ms. Gow hereby incorporates all prior allegations as if set forth fully herein.

82.     The acts and/or omissions complained of in the Counts stated above are, upon information and belief, egregious in nature, outrageous, reckless, wanton, and in total disregard of the rights of Ms. Gow.

83.     In addition to the actual damages ascertained and demonstrated by the evidence in this matter, punitive or exemplary damages are appropriate to punish and deter these types of acts and omissions from occurring in the future.

Exhibit C

WHEREFORE, Ms. Gow prays for judgment against Defendants for all damages in an amount to be determined at trial, together with the costs of this litigation, pre-judgment and post-judgment interest, reasonable attorney fees, punitive damages, and for such other relief as the Court may deem just and proper.

Respectfully submitted,

**FREEDMAN BOYD HOLLANDER**
**GOLDBERG URIAS & WARD, P.A.**

*/s/ Frank Davis*
Vincent J. Ward, Esq.
Frank T. Davis Jr., Esq.
20 First Plaza, Suite 700 (87102)
P.O. Box 25326
Albuquerque, NM 87125
(505) 842-9960

***Attorneys for Plaintiff***

Exhibit C

20 FIRST PLAZA, SUITE 700
ALBUQUERQUE, NM 87102
505.842.9960

ALYSHA C. SMITH, PARALEGAL
ACS@FBDLAW.COM

October 3, 2018

**Via Certified Mail Return Receipt Requested**
**7018 0040 0000 5414 5364**

Nusenda Services, LLC d/b/a
Nusenda Credit Union
c/o Michael Buehler
4100 Pan American Freeway NE
Albuquerque, NM 87107

Re:    Nicole Gow v. Nusenda, et al.; Cause No. D-202-CV-2018-6175

Dear Mr. Buehler,

Enclosed please find a Summons and Complaint in the above referenced matter.

Sincerely,

Alysha C. Smith
Paralegal to
Frank T. Davis

Enclosure

**4-206. Summons.**

<table>
<tr><td colspan="2" align="center"><strong>SUMMONS</strong></td></tr>
<tr><td>District Court: SECOND JUDICIAL<br>Bernalillo County, New Mexico<br>Court Address:<br>Post Office Box 488 / 400 Lomas, NW<br>Albuquerque, New Mexico  87103 / 87102<br>Court Telephone No.: 505-841-7438</td><td>Case Number:  D-202-CV-2018-6175<br><br>Assigned Judge:<br>Valerie Huling</td></tr>
<tr><td>Plaintiff(s): NICOLE GOW<br><br>v.<br><br>Defendant(s): NUSENDA SERVICES, LLC,<br>d/b/a NUSENDA CREDIT UNION, a<br>domestic limited liability corporation, and<br>JUDY SANDOVAL</td><td>Defendant<br>Name: Nusenda Services, LLC, d/b/a<br>Nusenda Credit Union<br>c/o Michael Buehler<br>4100 Pan American Freeway<br>Albuquerque, NM 87107</td></tr>
</table>

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

**1.** A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

**2.** You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

**3.** You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

**4.** If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

**5.** You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

**6.** If you need an interpreter, you must ask for one in writing.

**7.** You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____, New Mexico, this _____ day of __10/3/2018__, 2018.

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
Patricia Serna. Deputy

/s/Frank T. Davis
Attorney for Plaintiffs
Name:  Frank T. Davis
Freedman Boyd Hollander Goldberg Urias & Ward
Address: 20 First Plaza, Suite 700
Albuquerque, NM 87102
Telephone No.: (505) 842-9960
Fax No.: (505) 842-0761
Email Address:  ftd@fbdlaw.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO
RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**NICOLE GOW,**

     **Plaintiff,**

**v.**                       **No.** _____ D-202-CV-2018-06175 _____

**NUSENDA SERVICES, LLC, d/b/a**
**NUSENDA CREDIT UNION, a domestic limited**
**liability corporation, and**
**JUDY SANDOVAL,**

     **Defendants.**

## COMPLAINT FOR DAMAGES

Plaintiff Nicole Gow, by and through her undersigned counsel, brings this complaint for violation of the New Mexico Human Rights Act, NMSA 1978, Sections 28-1-1 to 28-114 ("NMHRA"), breach of implied contract, negligence, negligent hiring, supervision, retention, and training, wrongful discharge, prima facie tort, and punitive damages against her former employer Nusenda Credit Union ("Nusenda").

1.     After Ms. Gow requested leave pursuant to the FMLA, Nusenda interfered with Ms. Gow's ability to avail herself of FMLA leave.

2.     As a direct and proximate result of having requested FMLA, Ms. Gow was discriminated against, subjected to disparate treatment, and eventually her employment was terminated – all in violation of the law of New Mexico. In support of her complaint, Ms. Gow states as follows:

### NATURE OF CLAIMS

3.     This is an action brought pursuant to the law of the State of New Mexico to correct

1

Exhibit D

and remedy unlawful employment practices by Nusenda and to make whole and compensate the Plaintiff, Nicole Gow.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over the claims asserted here pursuant to the NMHRA, NMSA 1978, Sections 28-1-1 to 28-114.

5.    Ms. Gow filed a charge with the New Mexico Human Rights Bureau on October 11, 2017.

6.    The unlawful employment practices complained of in this complaint occurred, and the employment records relevant to this matter are maintained and administered, within Valencia County and Bernalillo County, New Mexico.

7.    Venue is proper within this Judicial District, pursuant to NMSA 1978, Section 38-3-1(A) because Defendant Nusenda resides and may be found in this Judicial District.

8.    With respect to her statutory claims, Ms. Gow has exhausted her administrative remedies.

## PARTIES

9.    Ms. Gow is a resident of the State of New Mexico.

10.    Ms. Gow is an "employee" within the meaning of the NMHRA.

11.    Nusenda is authorized and doing business in this Judicial District.

12.    At all relevant times, Nusenda was an "employer" of Ms. Gow within the meaning of the NMHRA.

## FACTUAL ALLEGATIONS

13.    On or about April 6, 2015, Ms. Gow was hired by Nusenda as a Member Service Representative.

Exhibit D

14.     As a Member Service Representative, Ms. Gow worked in a call center and ensured customer satisfaction on a variety of transactions and worked to educate customers about Nusenda's products and resolve issues that customers had with Nusenda's products.

15.     During her tenure as a Member Services Representative, Ms. Gow Plaintiff always received exemplary and positive performance reviews.

16.     During her tenure as a Member Services Representative, Ms. Gow never disciplined.

17.     During her tenure as a Member Services Representative, Ms. Gow was an employee in good standing.

18.     In June of 2016, Ms. Gow was promoted to a Financial Consultant position at Nusenda.

19.     Ms. Gow was selected over candidates for the Financial Consultant position at Nusenda.

20.     Ms. Gow was qualified to fill the position of Financial Consultant at Nusenda and would not have been selected for the position but for her qualifications and employment record.

21.     As a Financial Consultant at Nusenda, Ms. Gow developed relationships with customers and performed functions as a teller and provided other services for customers in the platform area of the branch at which she worked.

22.     Ms. Gow performed to an acceptable level as a Financial Consultant for Nusenda.

23.     Indeed, during her tenure as a Financial Consultant for Nusenda, Ms. Gow always received exemplary and positive performance reviews.

24.     During her tenure as a Financial Consultant for Nusenda, Ms. Gow never disciplined.

3

Exhibit D

25.     During her tenure as a Financial Consultant for Nusenda, Ms. Gow was an employee in good standing.

26.     In at least one performance review as a Financial Consultant, Ms. Gow was commended for being a "team player".

27.     Ms. Gow's performance reviews as a Financial Consultant describes her as having a "positive attitude" and supporting other branches on "short notice."

28.     Ms. Gow's performance reviews as a Financial Consultant state that she showed "initiative" and was organized.

29.     Notwithstanding her exceptional work performance, Ms. Gow has battled a serious medical condition for years: lupus.

30.     Eventually, Ms. Gow's battle with lupus would require Ms. Gow to miss short periods of work (2-4 days per month) for treatment and rest.

31.     Thus, Ms. Gow requested Family Medical Leave Act ("FMLA") leave from Nusenda.

32.     Ms. Gow submitted all of the necessary paperwork to substantiate her request for FMLA leave, and Ms. Gow's request for FMLA leave to treat her condition was approved on June 25, 2017.

33.     Almost immediately after Ms. Gow requested FMLA leave, Ms. Gow's supervisor at Nusenda, Judy Sandoval, began retaliating against Ms. Gow and interfering with Ms. Gow's ability to use her FMLA leave.

34.     Defendant, Judy Sandoval, began attempting to discipline Plaintiff after Plaintiff requested FMLA leave.

35.     For example, Ms. Gow was subjected to an unfair reading of Nusenda's dress code

4

–a reading of the dress code which Ms. Sandoval expressly told Ms. Gow was not applied to other employees.

36.     In one particular instance, Ms. Gow was accused in being in violation of Nusenda's dress code but provided pictures to human resources that showed Ms. Gow was actually in compliance with the dress code.

37.     Ms. Sandoval also became rude and confrontational with Ms. Gow, began asking inappropriate questions about Ms. Gow's FMLA leave and medical condition, and on one occasion even attempted to write Ms. Gow up for availing herself of FMLA leave.

38.     The retaliation against Ms. Gow for requesting and taking FMLA leave took place between June 25, 2017 and August 8, 2017.

39.     After being retaliated against for requesting leave to treat her medical condition, Ms. Gow complained to Nusenda's human resources department on August 1, 2017.

40.     Ms. Gow's complaint prompted a meeting with Ms. Gow, a human resources representative, and one of Ms. Gow's supervisors (not Ms. Sandoval).

41.     The meeting was held on August 2, 2017.

42.     During the meeting, Ms. Gow explained how she was being treated unfairly by Ms. Sandoval ever since she requested FMLA leave for her medical condition.

43.     Nusenda did not respond to Ms. Gow's complaint or provide any information as to what it intended to do to remedy Ms. Gow's complaint.

44.     Within one week of that meeting, and within 45 days of Ms. Gow's first having requested leave to treat her medical condition, Ms. Gow's employment with Nusenda was terminated.

**COUNT I**
**VIOLATIONS OF THE NMHRA: NUSENDA**

Exhibit D

45. Ms. Gow incorporates by reference all of the foregoing allegations as though fully set forth herein.

46. Defendants engaged in discrimination against Ms. Gow based on a serious medical condition and her request and use of FMLA leave and violated her right to be free from discrimination in the workplace under the NMHRA.

47. Defendants' discipline and termination of Ms. Gow's employment was in full or in part, based on Ms. Gow's serious medical condition and in retaliation for her request and use of FMLA leave.

48. As a direct and proximate result of Defendants' discriminatory practices Ms. Gow has suffered damages including, but not limited to emotional distress and lost wages.

## COUNT II
## BREACH OF IMPLIED CONTRACT: NUSENDA

49. Ms. Gow incorporates by reference all of the foregoing allegations as though fully set forth herein.

50. Upon information and belief, Defendant Nusenda had discrimination policies in place to protect its employees from certain conduct in the workplace.

51. Defendant Nusenda had a duty to honor its promises and policies and maintain a safe work place free of discrimination.

52. In addition, Defendant Nusenda had in place written or verbal policies and procedures related to discipline in the workplace.

53. Defendant Nusenda breached duties owed to Ms. Gow by allowing her to be discriminated against and terminated in violation of Defendant's policies and procedures.

54. Defendant Nusenda ratified the discrimination engaged in against Ms. Gow by not investigating and/or disciplining the appropriate personnel.

6

55. As the proximate cause of Defendant Nusenda's multiple breaches of duties owed, Ms. Gow has suffered damages in an amount to be proven at trial.

## COUNT III
## NEGLIGENCE: ALL DEFENDANTS

56. Ms. Gow incorporates by reference all of the foregoing allegations as though fully set forth herein.

57. Defendants had a duty to maintain a safe and professional work environment for employees by hiring and supervising employees appropriately.

58. Defendants breached this duty by engaging in, permitting, endorsing, and ratifying discriminatory behavior.

59. Defendants' negligent behavior created a pervasive and toxic work environment that caused Ms. Gow to suffer damages in an amount to be proven at trial.

## COUNT IV
## NEGLIGENT HIRING, SUPERVISION, RETENTION, AND TRAINING: NUSENDA

60. Ms. Gow incorporates by reference all of the foregoing allegations as though fully set forth herein.

61. Defendant Nusenda was the employer of Judy Sandoval at the time the facts in this complaint took place.

62. Defendant Nusenda should not have promoted or retained Defendant Judy Sandoval in a managerial position.

63. If Defendant Nusenda was going to hire Defendant Judy Sandoval, it should have adequately trained her as to how to behave in the workplace.

64. Defendant Judy Sandoval's conduct was completely inappropriate especially in her

7

capacity as Ms. Gow's supervisor.

65.     Defendant Nusenda knew or should have known the inadequate training of Defendant Judy Sandoval would create an unreasonable risk of injury to employees like Ms. Gow.

66.     Defendant Nusenda failed to use ordinary care in hiring, retaining, supervising, and training Defendant Judy Sandoval.

67.     Defendant Nusenda failed to use ordinary care in the training of Defendant Judy Sandoval on Defendants own policies concerning discrimination.

68.     Defendant Nusenda's negligence in hiring, retaining, supervising, and training was a cause of Ms. Gow's damages.

## COUNT V
## WRONGFUL DISCHARGE: NUSENDA

69.     The NMHRA and FMLA express policies that prohibit an employer from retaliating against an employee for availing themselves of rights granted to them under those respect acts.

70.     Defendant Nusenda, through its managers and officials, retaliated against Ms. Gow based on lawful complaints of discrimination, a serious medical condition, and Ms. Gow's request for and use of FMLA leave.

71.     Defendant Nusenda through its managers and officials, retaliated against Ms. Gow through its adverse employment action in violation of the NMHRA and FMLA.

72.     Defendant Nusenda retaliated against Plaintiff in the form of discipline and other terms and conditions of employment.

73.     Defendant's retaliatory treatment of Ms. Gow has caused Ms. Gow to suffer damages including lost past and future wages, lost benefits, loss of opportunity, and emotional distress.

Exhibit D

74.     Ms. Gow is entitled to attorney fees and costs.

## COUNT VI
## PRIMA FACIE TORT: ALL DEFENDANTS

75.     Ms. Gow incorporates by reference all of the foregoing allegations as though fully set forth herein.

76.     In the alternative, should this Court find Defendants' treatment and termination of Ms. Gow was lawful (which Ms. Gow denies), Defendants' conduct constitutes an intentional unlawful act.

77.     Defendants' treatment and termination of Ms. Gow was done with intent to injure Ms. Gow.

78.     Ms. Gow was injured by Defendants' intentional lawful acts.

79.     Defendants had no justification for their injurious acts against Ms. Gow.

80.     Ms. Gow has suffered damages as a result of Defendants' intentional injurious acts in an amount to be proven at trial.

## COUNT VII
## PUNITIVE DAMAGES: ALL DEFENDANTS

81.     Ms. Gow hereby incorporates all prior allegations as if set forth fully herein.

82.     The acts and/or omissions complained of in the Counts stated above are, upon information and belief, egregious in nature, outrageous, reckless, wanton, and in total disregard of the rights of Ms. Gow.

83.     In addition to the actual damages ascertained and demonstrated by the evidence in this matter, punitive or exemplary damages are appropriate to punish and deter these types of acts and omissions from occurring in the future.

9

Exhibit D

WHEREFORE, Ms. Gow prays for judgment against Defendants for all damages in an amount to be determined at trial, together with the costs of this litigation, pre-judgment and post-judgment interest, reasonable attorney fees, punitive damages, and for such other relief as the Court may deem just and proper.

Respectfully submitted,

**FREEDMAN BOYD HOLLANDER
GOLDBERG URIAS & WARD, P.A.**

*/s/ Frank Davis*
Vincent J. Ward, Esq.
Frank T. Davis Jr., Esq.
20 First Plaza, Suite 700 (87102)
P.O. Box 25326
Albuquerque, NM 87125
(505) 842-9960

***Attorneys for Plaintiff***

Exhibit D

**SECOND JUDICIAL DISTRICT COURT**
**COUNTY OF BERNALILLO**
**STATE OF NEW MEXICO**


**Nicole Gow,**
        **Plaintiff,**

**v.**                             **Case No. D-202-CV-2018-06175**


**Nusenda Services, LLC, d/b/a**
**Nusenda Credit Union, a domestic limited**
**liability corporation, and,**
**Judy Sandoval**

        **Defendants.**

### <u>NOTICE OF NOTICE OF REMOVAL</u>

Please take notice that on the 5th day of November, 2018, Defendants Nusenda Federal

Credit Union, incorrectly identified in the Complaint as Nusenda Services, LLC, d/b/a Nusenda

Credit Union, a domestic limited liability corporation, ("Nusenda") and Judy Sandoval

("Sandoval"), (collectively referred to as "Defendants"), filed a Notice of Removal of the above-

captioned action in and to the United States District Court, District of New Mexico, pursuant to

28 U.S.C. Section 1441.  A copy of the Notice without exhibits is attached hereto as <u>Exhibit A</u>.

                    Respectfully submitted,

                    JACKSON LEWIS P.C.


                    By<u>: /s/Andrea K. Robeda</u>
                      Danny W. Jarrett
                      Andrea K. Robeda
                  800 Lomas Blvd. NW, Suite 200
                  Albuquerque, NM 87102
                   (505) 878-0515
                  jarrettd@jacksonlewis.com
                  andrea.robeda@jacksonlewis.com
                  **Attorneys for Defendants**

## CERTIFICATE OF SERVICE

We hereby certify that we electronically filed the foregoing pleading through the CM/ECF system on this 5th day of November, 2018 and emailed to the following:

FREEDMAN BOYD HOLLANDER
GOLDBERG URIAS & WARD, P.A.
Vincent J. Ward
Frank T. Davis, Jr.
20 First Plaza, Suite 700 (87102)
P.O. Box 25326
Albuquerque, NM 87125
(505) 842-9960
vjw@fbdlaw.com
ftd@fbdlaw.com


*/s/ Andrea K. Robeda*
Andrea K. Robeda

Nicole Gow,

       Plaintiff,

v.                                  Case No. _____

Nusenda Services, LLC, d/b/a
Nusenda Credit Union, a domestic limited
liability corporation, and
Judy Sandoval,

       Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. sections 1331 and 1441(a), Defendants Nusenda Federal Credit Union, incorrectly identified in the Complaint as Nusenda Services, LLC, d/b/a Nusenda Credit Union, a domestic limited liability corporation, ("Nusenda") and Judy Sandoval ("Sandoval") (collectively referred to as "Defendants") give notice of the removal of the above-captioned action from the Second Judicial District Court, State of New Mexico, County of Bernalillo ("State Court") to the United States District Court for the District of New Mexico (the "Notice"). As grounds for this Notice, Defendants state as follows:

### I. INTRODUCTION

1.     Plaintiff Nicole Gow ("Plaintiff") filed the Complaint for Damages on or about August 21, 2018 with the State Court, styled as *Nicole Gow v. Nusenda Services, LLC, d/b/a Nusenda Credit Union, a domestic limited liability corporation, and Judy Sandoval,* Case No. D-202-CV-2018-06175 (the "Complaint"). *See* Exhibit A, State Court docket.

2.     Defendants were served with the Complaint on or about October 3, 2018. *See* Exhibit B, Service of Process Transmittal Notice.

## II.  FEDERAL QUESTION JURISDICTION IS PROPER

3.        This Court has original jurisdiction over this action under 28 U.S.C. Section 1331. This action may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. Section 1441(a) because this action involves claims that relate to the laws of the United States; specifically, the Family Medical Leave Act, 29 U.S.C. Section 2601, *et seq*.

4.        Plaintiffs' Complaint specifically states, "After Ms. Gow requested leave pursuant to the FMLA, Nusenda interfered with Ms. Gow's ability to avail herself of FMLA leave.  As a direct and proximate reslt of hainvg requested FMLA, Ms. Gow was discirmianted against, subjected to disparate treatment, and eventually her employment was terminated…"   See Complaint at 1, attached as Exhibit C.

5.         Further, Plaintiff's Complaint states, "Defendant Nusenda through its mange and officials, retaliated against Ms. Gow through its adverse employment action in violation of the NMHRA and FMLA."  *See* Exhibit C, at 8.

## III. SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS IS PROPER

6.         This Court has jurisdiction over Plaintiff's state law claims which have been joined with those claims arising under its federal questions jurisdiction pursuant to 28 U.S.C. section 1331, and supplemental jurisdiction over those claims pursuant to 28 U.S.C. Section 1367(a).

## IV.  REMOVAL IS TIMELY

7.        Plaintiffs filed their Complaint on August 21, 2018.  *See* Exhibit A.

8.        Defendants were served with the Complaint on October 3, 2018.  *See* Exhibit B.

Exhibit A

9.     This Notice of Removal therefore is timely pursuant to 28 U.S.C. Section 1446(b), which requires that notice be filed within 30 days of receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

## V.  ALL OTHER REMOVAL REQUIREMENTS ARE MET

10.     This Court is the appropriate venue for removal of Plaintiffs' State Action, pursuant to 28 U.S.C. Section 1441(a), which permits removal of any civil action brought in any state court in which the District Courts of the United States have original jurisdiction to the District Court for the district and division embracing the place where such action is pending.

11.     A Civil Cover Sheet as required by D.N.M. LR-Civ. 3.1 is filed concurrently with this Notice.

12.     Pursuant to 28 U.S.C. Section 1446(a), copies of all process and pleadings served upon Defendant are attached to this Notice as Exhibit D.

13.     Defendants have requested copies of the State Court records and proceedings, which copies shall be provided to the Court within the time allotted by D.N.M. LR-Civ. 81.1(a).

14.     A copy of the docket sheet from the State Court action is attached hereto as Exhibit A.

15.     Pursuant to 28 U.S.C. Section 1446(d), a Notice of Notice of Removal and a copy of this Notice, were filed concurrently with the Fifth Judicial District Court, State of New Mexico, County of Lea.

16.     The Notice of Notice of Removal filed in State Court, without exhibits, is attached hereto as Exhibit E.

Exhibit A

Respectfully submitted,

JACKSON LEWIS P.C.

By: */s/Andrea K. Robeda*
  Danny W. Jarrett
  Andrea K. Robeda
800 Lomas Blvd. NW, Suite 200
Albuquerque, NM 87102
 (505) 878-0515
jarrettd@jacksonlewis.com
andrea.robeda@jacksonlewis.com
**Attorneys for Defendants**

<u>**CERTIFICATE OF SERVICE**</u>

We hereby certify that we electronically filed the foregoing pleading through the CM/ECF system on this 5th day of November, 2018 and emailed to the following:

FREEDMAN BOYD HOLLANDER
GOLDBERG URIAS & WARD, P.A.
Vincent J. Ward
Frank T. Davis, Jr.
20 First Plaza, Suite 700 (87102)
P.O. Box 25326
Albuquerque, NM 87125
(505) 842-9960
vjw@fbdlaw.com
ftd@fbdlaw.com

<u>*/s/ Andrea K. Robeda*</u>
Andrea K. Robeda

Exhibit A